# EXHIBIT 1

Case 1:19-cv-10101-MLW   Document 3-1   Filed 01/16/19   Page 1 of 4

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| OPTUM, INC. and<br>OPTUM SERVICES, INC.,<br><br>*Plaintiffs*,<br><br>v.<br><br>DAVID WILLIAM SMITH,<br><br>*Defendant*. | Civil Action No.: 19-cv-10101 |

# [PROPOSED] TEMPORARY RESTRAINING ORDER

Upon motion and after hearing, the Court finds and rules that Plaintiffs Optum, Inc. and Optum Services, Inc. (together, "Optum") have demonstrated a substantial likelihood of prevailing on the merits of their claims and that irreparable harm will result unless the following Temporary Restraining Order is entered.

Therefore, in accordance with Fed. R. Civ. P. 65(b), the Court orders as follows:

1.     David William Smith is hereby enjoined from working for TCORP62018 LLC ("ABC") until the later date of:  (1) ten (10) business days after Defendant David William Smith has fully complied with the Court's Order on Optum's Motion for Limited Expedited Discovery; or (2) the Court has ruled on any motion by Optum for a preliminary injunction.

2.     David William Smith is enjoined from using or disclosing Optum's trade secrets and other confidential information, including, without limitation, information concerning Optum's:  corporate roadmap(s); corporate strategies and business plans; merger and acquisition targets; product roadmap(s); product strategies and business plans; current product portfolio performance (including, for each product and product line, up-to-date sales momentum data, profit and loss information, return on invested capital, projected financial growth, market

opportunity, and net promoter performance); analyses concerning product performance and opportunities (including where to prioritize investments of human capital and financial resources, as well as where to limit or avoid investments); data and advanced analytics (including its initiatives concerning artificial intelligence and broad data science capabilities); customer lists and information; supplier and vendor lists; business relationships with, *e.g.*, pharmaceutical manufacturers and the details concerning those relationships (including detailed information concerning the rebates Optum receives from certain pharmaceutical manufacturers for certain drugs); other strategic partnerships; and other competitively sensitive information that is not generally available to the public.

3. David William Smith is ordered to return to Optum (through counsel) within three (3) business days from the entry of this Order, all of Optum's property, information, and materials. This requirement includes all records or documents in any form, created by Mr. Smith or anyone acting in concert with him, that contain Optum information, that serve to transmit Optum information that was received or removed from Optum and that are based on or include, in whole or in part, documents or information that was received or removed from Optum.

4. David William Smith is ordered to file, within seven (7) business days from the entry of this Order, an affidavit (a) attesting that he has returned to Optum all of Optum's property, materials, and information subject to this Court's Order and (b) identifying all persons and entities outside of Optum to which he transferred any Optum information since September 1, 2018.

5. David William Smith is ordered to comply with the nonsolicitation restrictions set forth in his 2017 and 2018 Restricted Stock Unit Awards and 2017 and 2018 Nonqualified Stock Option Awards.

SIGNED this ___ day of _____, 2019,

                                              _____
                                              HONORABLE
                                              United States District Court Judge