UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| OPTUM, INC. and<br>OPTUM SERVICES, INC.,<br><br>               *Plaintiffs*,<br><br>    v.<br><br>DAVID WILLIAM SMITH,<br><br>               *Defendant*. | Civil Action No.: 19-cv-10101 |

**DEFENDANT DAVID SMITH'S OPPOSITION TO PLAINTIFFS'
MOTION FOR EXPEDITED DISCOVERY**

Plaintiffs' Optum, Inc. and Optum Services, Inc. ("Optum") Motion for Expedited Discovery should be denied for multiple, independent reasons. Defendant David Smith ("Smith") will not belabor points already made in his Opposition to Optum's Motion for TRO and his Motion to Compel Arbitration. Here are the relevant highlights.

**First**, and most importantly, Optum and Smith are contractually bound to arbitrate all disputes related to his employment with Optum, including this one. *See* Exhibit 1. That arbitration agreement explicitly commits "all issues concerning discovery" to the arbitrator and doubles down on that commitment by stating that the "interpretation, enforceability, [and] applicability" of the agreement are also matters committed to the arbitrator. *Id.* at §§ B, D.10. The agreement also sets specific limits on discovery (e.g., one interrogatory limited to the identification of potential witnesses) that Optum now asks this Court to ignore (e.g., by ordering Smith to respond to four substantive interrogatories). *Compare id.* at § D.10, *with* ECF No. 5-2, p. 5. There is no plausible reading of the arbitration agreement that permits Optum to escape the language it drafted so that it can seek relief from this Court that the agreement plainly does not allow and commits to

arbitration. *See, e.g., Bekele v. Lyft, Inc.*, 199 F.Supp.3d 284, 313 (D. Mass. 2016) (granting motion to compel arbitration and dismiss complaint because plaintiff's employment claims fell "within the broad scope of [the arbitration] language"; noting that per Supreme Court precedent "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration").

**Second**, Optum's Motion for TRO is based entirely on speculation about the key issues in this case—*i.e.*, what Smith allegedly misappropriated from Optum, what specific ABC products or services compete with Optum's products or services, and what Smith is allegedly doing for ABC that is competitive—so Optum turns to the "shoot first, ask questions later" approach to injunctive relief. Optum's speculation is wholly insufficient to warrant expedited discovery. *See, e.g., Medtronic, Inc. v. Ernst*, 182 F.Supp.3d 925, 934-35 (D. Minn. 2016) (denying motions for TRO and expedited discovery for non-compete and trade secret misappropriation claims because defendant's work at new company was unrelated to work she was doing for old company and plaintiff relied on "pure speculation" of alleged harm; noting that "the evidence submitted shows that [defendant] never accessed the documents after leaving Medtronic and all documents have been returned to Medtronic"); *Compass Bank v. Lovell*, 2016 WL 8738244, at *6 (D. Ariz. Apr. 8, 2016) (denying motions for TRO and expedited discovery where plaintiff believed that defendant had not returned documents upon termination and "might have" retained trade secret documents because plaintiff's "speculative belief does not justify granting the extraordinary remedy of a TRO").

**Third**, and finally, Smith and ABC have already provided the information to Optum that it seeks in expedited discovery. This information includes (i) Smith's role at ABC; (ii) an explanation of ABC's business and why it does not compete with Optum; (iii) Smith's offer to sign an affidavit attesting to the exact Optum documents in his possession or control and that he

has shared no Optum confidential documents with ABC or any third party (which Optum did not respond to); and (iv) Smith's offer to return or destroy the Optum documents in his possession (which Optum did not respond to). *See* Smith's Opposition to Optum's Motion for TRO, Section II.B. If this dispute and discovery were genuinely urgent, Optum would have responded to Smith's offers weeks ago when he made them.

For the reasons set forth above, Smith requests that this Court deny Optum's Motion for Expedited Discovery in its entirety.

Respectfully submitted,

**DAVID WILLIAM SMITH**

By his attorneys,

*/s/ John F. Welsh, III*
John F. Welsh, III, BBO #522640
Justin L. Engel, BBO #683894
Bello Welsh LLP
125 Summer Street, Suite 1200
Boston, MA 02110
617-247-4100
Fax: 617 247 4125
Email: jwelsh@bellowelsh.com
Email: jengel@bellowelsh.com

Michael J. Sheehan, *pro hac vice pending*
Brian Mead, *pro hac vice pending*
McDermott Will & Emery LLP
444 West Lake Street
Chicago, Illinois 60606
(312) 372-2000 (phone)
(312) 884-7700 (fax)
msheehan@mwe.com
bmead@mwe.com

Dated: January 22, 2019

**CERTIFICATE OF SERVICE**

    I hereby certify that on January 22, 2019, the undersigned filed a copy of the above and foregoing via the Court's CM/ECF system, which will send notification of such filing to all registered participants.

                        */s/ John F. Welsh, III*
                        John F. Welsh, III