UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| OPTUM, INC. and<br>OPTUM SERVICES, INC.,<br><br>*Plaintiffs*,<br><br>v.<br><br>DAVID WILLIAM SMITH,<br><br>*Defendant*. | Civil Action No. 19-cv-10101 |

**DEFENDANT DAVID WILLIAM SMITH'S RESPONSE TO COURT'S ENDORSED ORDER (ECF NO. 20)**

The Court ordered Defendant David William Smith ("Smith") to address (1) the merits of Plaintiffs' Motion for a Temporary Restraining Order and (2) the implications of the First Circuit's opinion in *Teradyne, Inc. v. Mostek Corp.*, 797 F.2d 43, 51 (1st Cir. 1986). Smith has already filed his Opposition to Plaintiffs' Motion for Temporary Restraining Order. ECF No. 23. This response will explain why *Teradyne* is inapposite.

*Teradyne* is not controlling in this case and can be read in conjunction with the Supreme Court's recent decision in *Henry Schein, Inc. et al v. Archer and White Sales, Inc.* 586 U.S. ____, No. 17-1272, 2019 WL 122164 (Jan. 8, 2019). *Teradyne* simply recognized a district court's authority to grant preliminary injunctive relief in a dispute where there was neither a delegation clause nor any allocation of relief between court and arbitrator in the arbitration agreement. The Supreme Court's recent decision in *Henry Schein* dictates what happens where, as here, the arbitration agreement contains such clauses.

**I.** *Teradyne*'s Holding Is Not About "Who Decides"

In *Teradyne*, the First Circuit held that "it was not error for the district court to issue the preliminary injunction before ruling on the arbitrability of this dispute." *Id.* at 51. But, it did so in the context of an arbitration agreement that was silent on injunctive relief and silent on the question of who decides. Given that double silence, the district court indisputably had jurisdiction to resolve any arbitrability issues. *See AT&T Technologies, Inc. v. Communications Workers of Am.*, 475 U.S. 643, 649 (1986) ("Unless the parties clearly and unmistakably provide otherwise, the question of whether the parties agreed to arbitrate is to be decided by the court, not the arbitrator.").

Importantly, the parties in *Teradyne* did not dispute the court's authority to resolve any gateway questions. Indeed, *Teradyne* contains no analysis of that issue and has no mention whatsoever of the court's role when the parties have delimited what relief should be provided by court and what by arbitrator and, more importantly, agreed to delegate to the arbitrator the "who decides" question.

*Teradyne* applies only in the absence of a delegation clause, in which case the "who decides" question would be properly in front of a court (per *AT&T,* 475 U.S. at 649). But *Teradyne* cannot be read out of its own context as holding that a court may determine whether to grant injunctive relief even where the arbitration agreement includes a delegation clause and includes an allocation of what injunctive relief may be awarded by courts as opposed to arbitrators. Such an out-of-context extension is foreclosed by the holding in *Henry Schein*.

## II.     *Teradyne* Is Inapposite To This Case

Here, in sharp contrast to *Teradyne*, the question of "who decides" what relief should be granted by the court versus the arbitrator is not properly before the Court; it has been explicitly delegated to the arbitrator. Much might be said about the wisdom of allocating to the arbitrator the preliminary question of whether a court can grant any relief beyond compelling arbitration but

that is indisputably what Plaintiff's Employment Arbitration Policy does. Thus—and per *Henry Schein*—the Court has no authority to decide the issue of whether injunctive relief should be decided by the court or by the arbitrator.

Plaintiffs and Defendant agreed via a delegation clause that this entire dispute—including any dispute regarding who decides what—would be resolved through binding arbitration: "Covered claims include any disputes regarding the Policy or any portion of the Policy or its interpretation, enforceability, applicability, unconscionability, arbitrability or formation . . . ." *See* ECF No. 17-1, § B.

Earlier this month, a unanimous Supreme Court held that courts are bound to respect such a delegation clause:

> When the parties' contract delegates the arbitrability question to an arbitrator, a court may not override the contract. **In those circumstances, a court possesses no power to decide the arbitrability issue. That is true even if the court thinks that the argument that the arbitration agreement applies to a particular dispute is wholly groundless**. . . . A court has 'no business weighing the merits of the grievance' because the 'agreement is to submit all grievances to arbitration, not merely those which the court will deem meritorious.'

*Henry Schein, Inc. et al v. Archer and White Sales, Inc.* 586 U.S. ____, No. 17-1272, 2019 WL 122164 at *4 (Jan. 8, 2019) (emphasis added).

Here, the Policy delegates any question of interpretation to an arbitrator. Thus, the Court has no power to grant injunctive relief unless and until an arbitrator concludes that such interim relief should be addressed by the court rather than the arbitrator: *i.e.*, after the arbitrator decides the interpretation of the exclusion from arbitrability of "emergency or temporary injunctive relief." *See* ECF No. 17-1, § B. Even if this Court thinks Defendant's argument that what kind of relief Plaintiffs can seek in court under the Policy is wholly groundless, the delegation clause in the

3

Policy mandates that the parties' agreement is to submit all issues of arbitrability to arbitration, not merely those which a court deems meritorious.

In short, because the Policy delegates all disputes on arbitrability to arbitration and because there is currently such a dispute, this Court is required under *Henry Schein* to compel arbitration.

.

Respectfully submitted,

**DAVID WILLIAM SMITH**

By his attorneys,

*/s/ John F. Welsh,*
John F. Welsh, BBO #522640
Justin L. Engel, BBO #683894
Bello Welsh LLP
125 Summer Street, Suite 1200
Boston, MA 02110
617-247-4100
Fax: 617 247 4125
Email: jwelsh@bellowelsh.com
Email: jengel@bellowelsh.com

Michael J. Sheehan, *admitted pro hac vice*
Brian Mead, *admitted pro hac vice*
McDermott Will & Emery LLP
444 West Lake Street
Chicago, Illinois 60606
(312) 372-2000 (phone)
(312) 884-7700 (fax)
msheehan@mwe.com
bmead@mwe.com

Dated:  January 24, 2019

## CERTIFICATE OF SERVICE

      I hereby certify that on January 24, 2019, the undersigned filed a copy of the above and foregoing via the Court's CM/ECF system, which will send notification of such filing to all registered participants.

                                          */s/ John F. Welsh*
                                          John F. Welsh