UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| OPTUM, INC. and<br>OPTUM SERVICES, INC.,<br><br>   *Plaintiffs*,<br><br>  v.<br><br>DAVID WILLIAM SMITH,<br><br>   *Defendant*. | Civil Action No. 19-cv-10101 |

**MEMORANDUM OF LAW IN SUPPORT OF
<u>DEFENDANT'S MOTION TO STAY PROCEEDINGS</u>**

As a result of this Court's denial of David William Smith's Motion To Compel Arbitration, Smith now moves for a stay of all proceedings pending appeal under Federal Rule of Appellate Procedure 8 (a)(1). That Rule provides that "[a] party must ordinarily move first in the district court for the following relief: (A) a stay of the judgment or order of a district court pending appeal…"

Granting Smith's Motion To Compel Arbitration would automatically entail staying all proceedings in this court under the Federal Arbitration Act ("FAA"). 9 U.S.C. §3 ("If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, **shall** on application of one of the parties **stay** the trial of the action **until such arbitration has been had** in accordance with the terms of the

agreement…")(emphasis added).  Thus, the denial of his Motion To Compel Arbitration is also a denial of a stay.

This Court's decision to deny Smith's Motion To Compel Arbitration and to stay proceedings pending arbitration  are both immediately appealable as a matter of right under the FAA.  9 U.S.C.§ 16(a) ("An appeal may be taken from  (1) an order (**A) refusing a stay** of any action under section 3 of this title, (B) **denying a petition** under section 4 of this title **to order arbitration to proceed**…").  With that automatic interlocutory appeal, there are two separate and independent reasons why this Court should stay all further proceedings pending appeal.

The first arises out of the FAA itself.  While the First Circuit has apparently not reached the issue, the majority of circuits have concluded that a stay is automatic in interlocutory appeals under the FAA.  Further, other district courts within the First Circuit have held that this majority rule is not only correct but also foreordained by case law in the First Circuit predating the 1988 amendments to the FAA.  *Combined Energies v. CCI, Inc*., 495 F.Supp.2d 142 (D. Maine 2007)(granting stay while appeal of trial court's decision declining to compel arbitration); *Integen N.V. v. Grina*, 2003 WL 1562200 (D. Mass. 2003)(same; "[t]he First Circuit has not directly decided whether the district court has some jurisdiction pending § 16(10 appeals [under the FAA], but several factors guide this court to adopt the *Bradford–Scott* approach" that such stays are automatic).

The second arises out of the traditional factors for granting stays pending appeal.

Here, an immediate stay pending appeal is needed because further proceedings in this Court will deny Smith what he is entitled to under the Arbitration Policy and what he will be seeking on appeal.  That relief is twofold;  it entails a threshold decision by the arbitrator on what relief (if any) may be granted by the Court versus the arbitrator and what discovery may be

ordered by the Court versus the arbitrator and also entails the benefits of the confidentiality provisions of the Arbitration Policy which mandates "[a]ll proceedings under this [Employment Arbitration] Policy are private" and that "[t]he arbitrator shall maintain the privacy and confidentiality of the arbitration hearing unless applicable law provides to the contrary." Without an immediate stay, part of the relief to which Smith is entitled may be rendered moot.

Further, Smith's appeal has substantial merit. While this Court has opined that there is nothing for an arbitrator to interpret, Smith's request to compel arbitration is grounded on the Supreme Court's recent decision in *Henry Schein, Inc. et al v. Archer and White Sales, Inc.* 586 U.S. ____, No. 17-1272, slip op. (Jan. 8, 2019). There, the unanimous Court held that a delegation clauses (like that in the instant Arbitration Policy ) relegates everything to the arbitrator and, as a result, district courts have zero power to resolve what is arbitrable or how the arbitration will proceed or what interim remedies the arbitrator should allow:

> When the parties' contract delegates the arbitrability question to an arbitrator, a court may not override the contract. **In those circumstances, a court possesses no power to decide the arbitrability issue.** That is true even if the court thinks that the argument that the arbitration agreement applies to a particular dispute is wholly groundless.

*Henry Schein, Inc. et al v. Archer and White Sales, Inc.* 586 U.S. ____, No. 17-1272, slip op. at 4 (Jan. 8, 2019) (emphasis added).

Unlike cases such as *Canterbury Liquors & Pantry v. Sullivan*, 499 F. Supp. 144 (D. Mass. 1998), this is a purely private dispute so there is no issue of public interest. Concomitantly, Plaintiffs are not left without a remedy under a stay; their requests for discovery or other interim relief are perfectly proper before an arbitrator and can be pursued in that forum whilst an appeal is pending and proceedings here are stayed.

This is a case where a stay of proceedings pending appeal is doubly warranted.

Respectfully submitted,

**DAVID WILLIAM SMITH**

By his attorneys,

*/s/ John F. Welsh, III*
John F. Welsh, III, BBO #522640
Justin L. Engel, BBO #683894
Bello Welsh LLP
125 Summer Street, Suite 1200
Boston, MA 02110
617-247-4100
Fax: 617 247 4125
Email: jwelsh@bellowelsh.com
Email: jengel@bellowelsh.com

Michael J. Sheehan, *pro hac vice pending*
Brian Mead, *pro hac vice pending*
McDermott Will & Emery LLP
444 West Lake Street
Chicago, Illinois 60606
(312) 372-2000 (phone)
(312) 884-7700 (fax)
msheehan@mwe.com
bmead@mwe.com

Dated:  January 30, 2019

**CERTIFICATE OF SERVICE**

I hereby certify that on January 30, 2019, the undersigned filed a copy of the above and foregoing via the Court's CM/ECF system, which will send notification of such filing to all registered participants.

*/s/ John F. Welsh, III*
John F. Welsh, III