## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

OPTUM, INC. and
OPTUM SERVICES, INC.,

<em>Plaintiffs</em>,

v.

DAVID WILLIAM SMITH,

<em>Defendant</em>.

Civil Action No.: 19-cv-10101

### PLAINTIFFS' OPPOSITION TO
### DEFENDANT'S MOTION TO STAY PROCEEDINGS

Plaintiffs Optum, Inc. and Optum Services, Inc. (together, "Optum") hereby submit this Opposition to Defendant's Motion to Stay Proceedings.

**A.    The Court Has Not Entered Any Appealable Orders**

At the outset, Section 16 of the FAA regarding an immediate right to appeal is not applicable to the circumstances currently before this Court. Defendant's motion seeks a stay so that he can appeal a purported denial of either his motion to compel arbitration or a motion to stay. However, the Court has not denied Defendant's motion to compel arbitration, as it noted on the record January 30, 2019; indeed, to the contrary, the Court expressly stated that it was not yet ruling and was likely to *grant* the motion to compel. Further, Defendant made no prior motion to stay, and accordingly, there has been no denial of any such motion either. Accordingly, there are no issues ripe for appeal.

In short, Defendant's continued machinations to prevent the Court from considering and ruling on Optum's request for injunctive relief are premature and ineffective. See Fed. R. App. P. 4(a)(2).

B.    __This Court Should Preserve the Status Quo Pending Any Appeal__

Even if the Court had entered an appealable order, the First Circuit has explained the general circumstances in which a district court may retain jurisdiction even while an appeal is pending, which include "orders relating to procedures in aid of appeal." *United States v. Brooks*, 145 F.3d 446, 456 (1st Cir. 1998).  Consistent therewith, Federal Rule of Civil Procedure 62(c) provides, "While an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights."  Here, though cast as an appeal of either a (future) order on Defendant's motion to compel arbitration or an appeal of a (future) ruling on a previously-unfiled motion to stay, Defendant's motion effectively anticipatorily appeals the Court's forthcoming ruling on the TRO.  However, unless the Court considers Optum's motion for a temporary restraining order, Optum may forever and irretrievably lose its trade secrets and the competitive advantage they provide.  Accordingly, the Court should exercise its inherent authority to grant relief preserving the status quo ante in order to protect the rights of the party opposing a pending appeal – here, Optum.  *See Kosilek v. Spencer*, No. CA 00-12455-MLW, 2012 WL 5240014, at *2 (D. Mass. Oct. 24, 2012) (Wolf, J.) (issuing an injunction pending resolution of an appeal).

C.    __A Stay is Not Warranted as a Matter of Right__

A stay of proceedings pending the resolution of an appeal is not warranted as a matter of right.  *Bos. Taxi Owners Ass'n, Inc. v. City of Bos.*, 187 F. Supp. 3d 339, 341 (D. Mass. 2016) (citation omitted).  This is because, as observed by the Supreme Court, "[a] stay is an intrusion into the ordinary processes of administration and judicial review, and accordingly is not a matter of right, even if irreparable injury might otherwise result."  *Nken v. Holder*, 556 U.S. 418, 427 (2009) (internal quotations and citation omitted).  "Because a stay is discretionary and not a

matter of right, the applicant bears the heavy burden of showing that the circumstances warrant an exercise of that discretion." *Id.* at 433-34 (internal quotation and citations omitted). Defendant here falls well short of meeting this burden under the factors outlined in *Hilton v. Braunskill*: (1) likelihood of success on the merits; (2) irreparable harm; (3) absence of substantial injury to other parties; and (4) public interest. 81 U.S. 770, 776, (1987).

**1. Defendant has failed to show that he will be successful on the merits of his appeal.**

While the threshold is lower for success on the merits on a motion to stay, Defendant fails to "present a substantial case on the merits" or a "serious legal question." *Canterbury Liquors & Pantry v. Sullivan*, 999 F. Supp. 144, 149 (D. Mass. 1998) (citing *Ruiz v. Estelle,* 650 F.2d 555, 565 (5th Cir. 1981)). As the Court has indicated, Defendant's contention that the Employment Arbitration Policy (the "Policy") delegates all issues to the arbitrator, including the issue of injunctive relief despite the Policy's express provision to the contrary, is misplaced. Optum is entitled – as it has done – to seek temporary injunctive relief in this Court, as the mandate to arbitrate does not attach until ***after*** the Court has ruled on their motion, nor does it strip the Court of its inherent powers to issue temporary injunctive relief to preserve and ensure the meaningfulness of the arbitration process. (*See also* Optum's Response to Defendant's Motion to Compel Arbitration, Dkt. No. 35.)

**2. Defendant will not suffer irreparable injury absent a stay of the Court's issuance of the temporary restraining order pending his appeal.**

The Court's denial of Defendant's Motion to Stay Proceedings will simply require Defendant to honor the agreements he willingly entered into and for which he was substantially compensated. Further, Defendant will not suffer harm if the existing proceedings, which are already public, are completed. Indeed, certain of Defendant's attorneys, who also represent ABC, only sought to preclude the public from yesterday's proceedings when Defendant was

describing his work at ABC, not when Optum was describing Defendant's misappropriation of Optum's confidential information and trade secrets or when Defendant testified about details of his personal life, including his finances.  Accordingly, Defendant's purported concern about confidentiality rings hollow.  His various machinations – including the drawn-out motion practice and filing an appeal that potentially raises a question of first impression in the First Circuit – belie any contention to the contrary.

      **3.**      **Optum will suffer irreparable harm if the proceedings are stayed.**

Optum will suffer irreparable harm if the Court stays the proceedings and does not consider its motion for a Temporary Restraining Order.  Not only did Defendant agree as much in the Agreements, but his employment with ABC places Optum's confidential and trade secret information in grave, immediate risk of disclosure.

      **4.**      **Public interest weighs in favor of denying Defendant's motion to stay.**

While this Court is required to consider the impact on the public interest, there is no detrimental impact – and indeed there are positive public implications – for expediting the resolution of issues concerning Defendant's breach of contract and misappropriation of trade secrets.

**D.**      <u>Conclusion</u>

For the reasons set forth above, Optum respectfully request that this Court deny Defendant's Motion to Stay Proceedings.

Respectfully submitted,

OPTUM, INC. and
OPTUM SERVICES, INC.,

By their attorneys,

*/s/ Russell Beck*
Russell Beck, BBO No. 561031
Stephen D. Riden, BBO No. 644451
Hannah Joseph, BBO No. 688132
Beck Reed Riden LLP
155 Federal Street, Suite 1302
Boston, Massachusetts  02110
617.500.8660 Telephone
617.500.8665 Facsimile
*rbeck@beckreed.com*
*sriden@beckreed.com*
*hjoseph@beckreed.com*

Dated:  January 31, 2019

## CERTIFICATE OF SERVICE

I hereby certify that this document has been filed through the CM/ECF system on January 31, 2019 and will be served electronically to the registered participants as identified on the Notice of Electronic Filing through the Court's transmission facilities, and that non-registered participants have been served this day by mail.

*/s/ Russell Beck*