UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

OPTUM, INC. and OPTUM SERVICES, )
Inc., )
    Plaintiffs, )
)
       v. ) C.A. No. 19-10101-MLW
)
DAVID WILLIAM SMITH, )
    Defendant. )
)

MEMORANDUM AND ORDER

WOLF, D.J.                                          February 5, 2019

Plaintiffs Optum, Inc. and Optum Services, Inc. ("Optum") have sued defendant David Smith for allegedly violating his contractual obligations concerning unfair competition and trade secrets, and the federal and Massachusetts statutes that protect trade secrets as well. An Arbitration Policy that is part of Smith's contract with Optum requires that this dispute be resolved by binding arbitration. See Docket No. 25-1 at 2 of 8. However, it also provides that:

> [T]his Policy does not preclude either an employee or [Optum] from seeking emergency or temporary injunctive relief in a court of law in accordance with applicable law. However, after the court has issued a ruling concerning the emergency or temporary injunctive relief, the employee and [Optum] are required to submit the dispute to arbitration pursuant to this Policy.

<u>Id.</u> at 3 of 8 (emphasis added). In addition, the Arbitration Policy provides that disputes concerning its interpretation and arbitrability are to be decided by an arbitrator.

Optum moved for a temporary restraining order ("TRO") that would, among other things, prohibit Smith from working for a company known as "ABC," which Optum alleges is a competitor, and from disclosing or using Optum's confidential information to benefit ABC. Smith responded by moving to have this case immediately ordered to arbitration on all issues, including whether this court has the authority to issue a TRO before compelling arbitration on the merits, which Optum agrees will be required after the court decides its request for temporary injunctive relief.

At a hearing on January 30, 2019, the court found that it had the authority to issue a TRO before compelling arbitration. See Jan. 30, 2019 Tr. at 18-21. Although no order had entered, later that day Smith filed a notice of appeal and a motion to stay proceedings in this court pending a decision of its appeal. Optum opposed the request for a stay, arguing in part that it will be irreparably harmed if the court does not decide its motion for a TRO or at least impose conditions on the stay that are comparable to the TRO it is seeking.

On February 5, 2019, the court issued a Memorandum and Order amplifying the reasons stated in court on January 30, 2019 for its

2

finding that it has the authority to decide the pending motion for a TRO. See Docket No. 48. Accordingly, the court denied Smith's motion to compel arbitration immediately. See id.

There is, therefore, now an appealable order. See 9 U.S.C. §16(a); Fed. R. App. P. 4(a)(2). For the reasons explained below, the court is staying this case pending appeal and not imposing any conditions on the stay. However, in view of the contention that Optum will suffer ongoing irreparable harm during the pendency of the appeal, the court suggests that the First Circuit decide de novo whether the stay should be continued or lifted, or attempt to decide the appeal expeditiously.

The Federal Arbitration Act ("FAA"), 9 U.S.C. §1 et seq., authorizes a party to pursue an interlocutory appeal of a district court's denial of a motion to compel arbitration. See 9 U.S.C. §16(a)(1)(B). However, the FAA does not state whether a district court must stay proceedings pending such an appeal. The First Circuit has not addressed this question.

In Griggs v. Provident Consumer Discount Co., 459 U.S. 56 (1982), the Supreme Court explained that "[t]he filing of a notice of appeal is an event of jurisdictional significance" that "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal," id. at 58.

Applying Griggs to the FAA, the Fourth, Seventh, Tenth, Eleventh, and D.C. Circuits, constituting a majority of circuits to have considered the issue, have held that the filing of a notice of appeal of a denial of a motion to compel arbitration automatically stays proceedings in the district court unless the appeal is "frivolous."[1] See, e.g., Levin v. Alms & Assocs., Ltd., 634 F.3d 260, 264-66 (4th Cir. 2011); Bradford-Scott Data Corp. v. Physician Comput. Network, 128 F.3d 504 (7th Cir. 1997); McCauley v. Halliburton Energy Servs., Inc., 413 F.3d 1158, 1160-62 (10th Cir. 2005); Blinco v. Green Tree Servicing, LLC, 366 F.3d 1249, 1251-52 (11th Cir. 2004); Bombardier Corp. v. Nat'l R.R. Passenger Corp., 2002 WL 31818924, *1 (D.C. Cir. Dec. 12, 2002) (per curiam). These courts reason that whether a dispute is arbitrable is necessarily an "aspect" of the underlying dispute. For example, the Seventh Circuit wrote that "[w]hether the case should be litigated in the district court is not an issue collateral to the question presented by an appeal under [the FAA]," but is rather "the mirror image of the question presented on appeal." Bradford-Scott, 128 F.3d at 505. Accordingly, "[c]ontinuation of proceedings in the district court largely defeats the point of the

---

[1] While the court believes Smith's appeal is unmeritorious, because the appeal relies on the Supreme Court's recent decision in Henry Schein, Inc. v. Archer & White Sales, Inc., No. 17-1272, 2019 WL 122164 (Jan. 8, 2019), the court does not find that it should be characterized as "frivolous." See Docket No. 48 at 7-10.

appeal and creates a risk of inconsistent handling of the case by two tribunals." Id.

The Second, Fifth, and Ninth Circuits have held that the filing of a notice of appeal of a denial of a motion to compel arbitration does not automatically stay proceedings in the district court. See, e.g., Motorola Credit Corp. v. Uzan, 388 F.3d 39, 53-54 (2d Cir. 2004); Weingarten Realty Inv'rs v. Miller, 661 F.3d 904, 907-10 (5th Cir. 2011); Britton v. Co-Op Banking Grp., 916 F.2d 1405, 1411-12 (9th Cir. 1990). These courts reason that whether a dispute is arbitrable is not necessarily an "aspect" of the underlying dispute. For example, the Fifth Circuit wrote that an issue in the district court is only an "aspect" of the case on appeal if "the appeal and the claims before the district court address the same legal question." Weingarten, 661 F.3d at 909. "A determination on the arbitrability of a claim has an impact on what arbiter--judge or arbitrator--will decide the merits, but that determination does not itself decide the merits." Id.

As indicated earlier, the First Circuit has not yet decided whether a district court must stay proceedings pending an interlocutory appeal under 9 U.S.C. §16(a). Two district judges in the First Circuit have accepted the majority view. See Combined Energies v. CCI, Inc., 495 F. Supp. 2d 142 (D. Me. 2007) (Woodcock, J.); Intergen N.V. v. Grina, 2003 WL 1562200 (D. Mass. Feb. 21, 2003) (Keeton, J.).

However, none of the reported cases have involved what at least seven Courts of Appeals, including the First Circuit, have found to be the district court's equitable power to issue a preliminary injunction to preserve the status quo pending arbitration in order to protect the ability of the arbitrator to provide meaningful relief if the plaintiff prevails in the arbitration. See Teradyne, Inc. v. Mostek Corp., 797 F.2d 43, 51 (1st Cir. 1986); Blumenthal v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 910 F.2d 1049, 1053 (2d Cir. 1990); Ortho Pharm. Corp. v. Amgen, Inc., 882 F.2d 806, 812 (3d Cir. 1989); Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Bradley, 756 F.2d 1048, 1050 (4th Cir. 1985); Performance Unlimited, Inc. v. Questar Publishers, Inc., 52 F.3d 1373, 1380 (6th Cir. 1995); Sauer-Getriebe KG v. White Hydraulics, Inc., 715 F.2d 348, 351 (7th Cir. 1983); Toyo Tire Holdings of Americas Inc. v. Cont'l Tire N. Am., Inc., 609 F.3d 975, 981 (9th Cir. 2010); Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dutton, 844 F.2d 726, 726-28 (10th Cir. 1988); cf. Peabody Coalsales Co. v. Tampa Elec. Co., 36 F.3d 46, 47-48 (8th Cir. 1994). As explained in the February 5, 2019 Memorandum and Order (Docket No. 48), Smith also clearly agreed in his employment contract with Optum that the court would have the authority to order temporary injunctive relief before a dispute is submitted to arbitration.

Nevertheless, the court finds that it should stay this case during the pendency of Smith's appeal with the expectation that the First Circuit will be asked to decide <u>de novo</u> whether the stay should be continued or lifted. As explained earlier, under the majority view, a stay is automatic because an appeal always divests a district court of jurisdiction. <u>See, e.g.</u>, <u>Levin</u>, 634 F.3d at 264-66.

The minority recognizes that "[t]he filing of a notice of appeal . . . confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.'" <u>Motorola</u>, 388 F.3d at 53 (quoting <u>Griggs</u>, 459 U.S. at 58). However, in <u>Motorola</u>, the Second Circuit reasoned that a trial on the merits was not an aspect of an appeal of a decision denying a motion to compel arbitration. <u>See id.</u> It noted that in <u>In re Salomon Inc. Shareholders' Derivative Litigation</u>, 68 F.3d 554, 556 (2d Cir. 1995), the Second Circuit had twice denied requests for a stay of a trial on the merits pending an appeal. In <u>Motorola</u>, the Second Circuit reaffirmed its view that "further district court proceedings in a case are not 'involved in' the appeal of an order refusing arbitration and that a district court therefore has jurisdiction to proceed with a case absent a stay from [the Second Circuit]." 388 F.3d at 54.

A decision by this court on Optum's motion for a TRO would be comparable to the trials on the merits conducted during the pendency of the appeals in In re Salomon and Motorola. However, even if the First Circuit rejects the majority view, it might find that the pending motion for a TRO is an "aspect[] of the case involved in the appeal." Griggs, 459 U.S. at 58. Accordingly, the court finds it most appropriate to grant Smith's request for a stay without addressing the merits of that request, and to provide Optum the opportunity to ask the First Circuit to decide de novo whether the stay should be continued or lifted.

The court has considered whether it has the authority to impose conditions on a stay to minimize the risk that Optum will suffer irreparable harm during the pendency of Smith's appeal. It would not if the majority of circuits are correct and this court has been divested of all jurisdiction by Smith's filing of a notice of appeal. The All Writs Act, 28 U.S.C. §1651(a), provides that "all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." "As the text of the All Writs Act recognizes, a court's power to issue any form of relief--extraordinary or otherwise--is contingent on that court's subject-matter jurisdiction over the case or controversy." United States v. Denedo, 556 U.S. 904, 911 (2009). Therefore, "the All Writs Act permits writs in aid of jurisdiction, but does not

itself create jurisdiction." Stephenson v. Dow Chem. Co., 346 F.3d 19, 21 (2d Cir. 2003).

In view of the foregoing, it is hereby ORDERED that Smith's Motion to Stay Proceedings (Docket No. 39) is ALLOWED and this case is STAYED with the understanding that Optum may ask the First Circuit to decide de novo whether the stay should be continued or lifted.

                                                                             /s/ [signature]
                                           UNITED STATES DISTRICT JUDGE