**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| OPTUM, INC. and<br>OPTUM SERVICES, INC.,<br><br>                *Plaintiffs*,<br><br>    v.<br><br>DAVID WILLIAM SMITH,<br><br>                *Defendant*. | Civil Action No.: 19-cv-10101 |

**OPTUM, INC. AND OPTUM SERVICES, INC.'S REPLY**
**IN SUPPORT OF THEIR MOTION FOR AN INJUNCTION PENDING APPEAL**
**AND/OR AN INDICATIVE RULING ON THE PENDNG MOTION FOR A**
**TEMPORARY RESTRAINING ORDER**

Smith's opposition to Optum's motion has two notable features. First, Smith does not dispute that this Court has jurisdiction to enter an injunction pending appeal. The motion papers showed, in detail, why the cases that prompted this Court to stay the litigation do not bar this specific relief, and Smith does not argue otherwise.

Second, Smith's opposition illustrates vividly why an injunction is necessary to prevent irreparable harm pending appeal. Smith admits that he currently is working for ABC, and asserts that because no decision has yet been made about whether ABC is Optum's competitor or whether he has taken or used trade secrets, he is free to do whatever he wants while the appeal is pending. If Smith is permitted to continue, there is a substantial chance that Optum's trade secrets will be forever lost before the appeal is resolved. The need for an injunction pending appeal is therefore manifest, and this Court should grant one without delay.

At the absolute minimum, the Court should enter an indicative ruling in Optum's favor.

**I.    An Injunction Pending Appeal Is Available and Appropriate.**

1. Smith argues first that Federal Rule of Civil Procedure 62(d) does not apply because

his appeal "is not from an interlocutory order concerning an injunction," but instead from "an order refusing to compel arbitration." Opp. 2. But numerous courts have applied Rule 62 to interlocutory appeals under 9 U.S.C. § 16, reasoning that the denial of a motion to compel arbitration "amounts to a denial of an injunction," because an injunction is merely "a coercive order by the court directing a party to do or refrain from doing something"—and a motion to compel arbitration does precisely that: it orders the parties to arbitrate their dispute, and to refrain from litigating it. *Desktop Images, Inc. v. Ames*, 930 F. Supp. 1450, 1451 (D. Colo. 1996) (internal quotation marks omitted); *see also Peck Ormsby Const. Co. v. City of Rigby*, 2012 WL 914915, at *2-3 (D. Idaho Mar. 15, 2012) (applying Rule 62(c) to decide whether stay pending appeal was warranted in interlocutory appeal from denial of motion to compel arbitration); *C.B.S. Employees Fed. Credit Union v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 716 F. Supp. 307, 308-09 (W.D. Tenn. 1989) (similar). In other contexts, too, courts have concluded that a motion to compel arbitration is, in fact, a motion for injunctive relief. *See Curatola v. TitleMax of Tennessee, Inc.*, 2018 WL 2728037, at *3 (W.D. Tenn. June 6, 2018) (holding that a motion to compel arbitration is a motion for injunctive relief, and therefore a dispositive motion); *Horizon Plastics, Inc. v. Constance*, 2000 WL 1176543, at *4 (D.N.J. Aug. 11, 2000) (holding that a motion to compel arbitration is a "form[] of injunctive relief"). In support of the opposite proposition, Smith cites three unpublished district court decisions—none of which involved an appeal from the denial of a motion to compel arbitration, or analyzed whether such motions are properly regarded as motions for injunctive relief. Those cases are therefore unpersuasive.

In the alternative, the Court can bypass this argument by analyzing the pending motion under the rubric of its inherent authority. As explained in the opening motion papers, Federal Rule of Civil Procedure 62 merely codifies the principle that district courts have the inherent

power to act in aid of their jurisdiction and the jurisdiction of the court of appeals.  Smith offers no meaningful response to these authorities, and so his threshold argument fails.

2.  Smith argues next that the requested injunction would not preserve the status quo because the "status quo" should be evaluated as the situation today, *i.e.*, a situation in which Smith is working for ABC and sharing Optum's information with his new employer.  Opp. 3-4.  Because an injunction would disrupt that state of affairs, he argues that it exceeds this Court's power under Federal Rule of Civil Procedure 62.

This argument misconceives the nature of an injunction to preserve the status quo pending appeal.  The point of such an injunction is to prevent either party from suffering irreparable harm while an appeal is pending, and ensure that a live controversy remains for the appellate court to resolve.  Recognizing that fact, courts generally hold that the "status quo" is the "last peaceable uncontested status existing between the parties before the dispute developed." *Guzzo v. Mead*, 2014 WL 5317797, at *7 (D. Wyo. Oct. 17, 2014) (internal quotation marks omitted); *LaRouche v. Kezer*, 20 F.3d 68, 74 n.7 (2d Cir. 1994); *Muscogee (Creek) Nation v. Oklahoma Tax Comm'n*, 2009 WL 10695371, at *2 (N.D. Okla. Nov. 19, 2009); *see also* The Late Charles Alan Wright, Arthur R. Miller et al., 11A Fed. Prac. & Proc. Civ. § 2948 (3d ed.) ("This standard allows the court to restore the status quo ante when the continuation of the changed situation would inflict irreparable harm on plaintiff.").  Consequently, when, as here, a party has acted unlawfully, the Court is not required to defer to that unlawful status quo; it is required to consider the status quo *ante* to protect the other party from harm.  In this case, that would mean issuing the requested injunction, because Smith was not working for ABC when this lawsuit was filed on January 16, 2019.  He began his work for ABC the following day.  Smith Testimony, TRO Hr'g Tr. Jan. 30, 2019, p. 139:1-2.

One instructive case is *Farrell-Cooper Mining Co. v. U.S. Department of the Interior*, 2016 WL 4097091 (E.D. Okla. 2016).  There, the Department of the Interior issued a Notice of Violation (NOV) to the plaintiff, and the plaintiff sued in district court seeking vacatur of the agency's decision.  While the suit was pending, enforcement of the NOV was not stayed.  The district court then concluded that it lacked subject matter jurisdiction, and thus dismissed the action.  *Id.* at *1.  The plaintiff sought an injunction preventing the defendants from enforcing the NOV pending appeal of the jurisdictional question, and the district court granted the injunction, reasoning that to do so would "preserve the status quo pending appellate determination," and defining "status quo" to mean "the last peaceable uncontested status existing between the parties before the dispute developed."  *Id*. at *3 n.7 (internal quotation marks omitted).  The court recognized that "[i]n one sense, enjoining enforcement of the NOV *disturbs* the status quo," because enforcement was permitted at the time of appeal—but it held that "in another sense," the injunction "preserves" the status quo, because otherwise the plaintiff would "be subjected to much greater harm before exhaustion of remedies or its Tenth Circuit appeal may be concluded."  *Id*.

*Farrell-Cooper* is indistinguishable from this case:  even though the Court held that it lacked jurisdiction to rule on Optum's principal merits arguments, it has the power to preserve the status quo by protecting Optum from harm at Smith's hands while the appeal remains pending.  Indeed, here, the case for injunctive relief protecting Optum is even stronger because the appeal is Smith's, not Optum's.  To allow him to use the pending appeal to defeat a request for temporary injunctive relief would be tantamount to delivering a win on the merits to Smith—even though he has not won any merits argument.

The three cases Smith cites do not compel the opposite conclusion.  In each of them, the district court first affirmatively found that the party seeking an injunction pending appeal was not

entitled to relief.  Thus, in *Apple, Inc. v. Samsung Electronics Co.*, 2012 WL 1987042, *1-3 (N.D. Cal. June 4, 2012), the district court had refused to enjoin the sale of certain computer tablets, and again refused to enter an injunction to that effect while the appeal was pending.  In *Greater Houston Small Taxicab Co. Owners Ass'n v. City of Houston, Texas*, 2011 WL 13203124, at *1 (S.D. Tex. Mar. 16, 2011), the district court had granted summary judgment to the defendant, and refused to enjoin the defendant's conduct pending appeal.  And in *Barringer v. Griffes*, 810 F. Supp. 119, 119-20 (D. Vt. 1992), the district court had held that the state tax in question was constitutional, and refused to enjoin the collection of that tax pending appeal.  In each case, the district court's ruling in the non-moving party's favor had recognized that the party's conduct was part of the lawful status quo—such that an injunction in the other direction would have changed the status quo.

      This case, like *Farrell-Cooper*, is different.  Here, no court has ever held that Smith's conduct is part of a lawful status quo—and all evidence in the record is to the contrary.  Moreover, at the time this lawsuit was filed, the "status quo" was not that Smith was working for ABC.  Even though he has now pressed forward with his unlawful conduct, there is good reason to think that further irreparable harm can be prevented through swift judicial action.  That is the status quo the Court should protect.

      3.  Smith argues that issuing the requested injunction would collide with the First Circuit because the First Circuit currently is considering whether an arbitrator or this Court will adjudicate Optum's application for a TRO.  Opp. 4.  But the requested relief here is distinct from the TRO because it is limited in duration to the pendency of the appeal (which Smith can move to expedite).  Moreover, the legal issues here are distinct from the issues on appeal:  the appeal is about the meaning of the Arbitration Policy, and that is all; the debate over the propriety of injunctive relief pending appeal involves some assessment of the merits of the appeal, but

principally revolves around the risk of irreparable harm, the balance of hardships, and the public interest. *See, e.g.*, *LaRouche*, 20 F.3d at 72 ("[A] grant of injunctive relief pending appeal does not depend solely or even primarily on a consideration of the merits."). To the extent the merits issue overlaps, that overlap does not matter because nothing the district court does here will undermine the First Circuit's ability to rule on the merits question.

More fundamentally, as explained above, Smith's position, if accepted, will frustrate the purposes of the appeal. If Smith proceeds to work for ABC without regard for the restrictions in his contract, then it may not matter what the First Circuit decides about who has the power to issue a TRO: the disclosure of Optum's information would be a *fait accompli*, and nobody—neither this Court nor the arbitrator—would have the power to unring the bell. The only way to steady the ground under the First Circuit's feet is to maintain the status quo that existed before this dispute developed.

4. Smith contends that the motion is effectively a motion for reconsideration. That is simply wrong. As explained above, the relief sought in the present motion is different from the TRO. Moreover, this Court has never denied Optum's motion for a TRO on the merits: instead, it concluded that it had the power to enter a TRO, but then stayed the case before it could decide whether to enter one or not—which means that Optum cannot be seeking reconsideration of that denial. Finally, to the extent Smith is arguing that the motion is effectively seeking reconsideration of the February 5 stay order, Smith has not disputed that the jurisdictional arguments that led this Court to stay the case do not apply to the requested relief—again, because the requested relief is different. Thus, no reconsideration of the stay is necessary to grant the relief requested here.

5. Smith argues that Optum's cases are not on point. But all of Smith's criticisms of the cited authorities have been addressed above. These cases plainly hold that an injunction pending

appeal is available, even after a notice of appeal has been filed (a point Smith does not dispute), and even with respect to the matters on appeal.

6. Finally, Smith makes a halfhearted merits argument, contending that Optum does not have viable claims for trade secret theft or breach of contract. Opp. 7-9. Smith is wrong, however, to argue that the success of his pending appeal is irrelevant to whether the Court should grant an injunction pending appeal. If, as this Court recognized, Optum is likely to prevail in the pending appeal, that counsels in favor of an injunction to protect Optum while the appeal progresses: otherwise, as explained above, Smith's meritless appeal could allow him to obtain a *de facto* win on the merits, which would be perverse.

As to the merits of Optum's underlying claims, those are ultimately for the arbitrator to resolve. But to the extent they are relevant to the present injunction request, the briefing in support of the TRO, the supporting affidavits, and the live testimony before this Court show that Optum has strong claims against Smith. There is no need to repeat those contentions here; the Court is well-familiar with the facts in the record, and there is more than enough there to justify protecting Optum from further irreparable harm while Smith's appeal is pending.

**II.  At a Minimum, an Indicative Ruling Is Warranted.**

Smith's response to Optum's request for an indicative ruling pursuant to Rule 62.1 is equally unconvincing. Smith's entire argument is premised on a condition *not found* anywhere in the rule. He contends (at 5) that Rule 62.1 permits an indicative ruling while an appeal is pending "if, but only if, the trial court's ruling might cause the appellate court to remand rather than to pursue the appeal." Smith has invented that limitation out of thin air. The plain text of the rule applies to "a timely motion" "for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending." Fed. R. Civ. P. 62.1(a). Optum's motion for a

TRO is plainly that—it was timely filed and this Court has determined that it lacks authority to grant it because of Smith's pending appeal.

The text of Federal Rule of Appellate Procedure 12.1 also plainly refutes Smith's contention that it applies only to issues that, if decided by the district court, would cause the appeals court to abandon the appeal. That rule states that, "[i]f the district court states that it would grant the motion or that the motion raises a substantial issue, the court of appeals may remand for further proceedings *but retains jurisdiction unless it expressly dismisses the appeal*." Fed. R. App. P. 12.1(b) (emphasis added). Rule 12.1 plainly contemplates that the *default* disposition when a court of appeals remands based on an indicative ruling is that the remand will be limited to the purpose of ruling on the relevant motion—and that the court of appeals will retain jurisdiction over the pending appeal, presumably for the purpose of resuming the appeal after the district court rules on the request for relief.

Smith relies on the Advisory Committee notes, claiming (at 6) that the "purpose" of permitting indicative rulings only on issues that would cause the court of appeals to abandon the appeal "is manifest" in those notes. In fact, the opposite is true. The committee notes to Rule 62.1 begin by stating: "This new rule adopts for *any motion* that the district court cannot grant because of a pending appeal the practice that most courts follow when a party makes a Rule 60(b) motion to vacate a judgment that is pending on appeal." Fed. R. Civ. P. 62.1 advisory committee notes (2009) (emphasis added). Although the practice of indicative rulings arose in the context of post-appeal motions under Federal Rule of Civil Procedure 60(b), 16A The Late Charles Alan Wright, Arthur R. Miller et al., Federal Practice and Procedure § 3958.10 (4th ed.), both the plain text of the rule and the committee's unambiguous explanation of its intent confirm that Rule 62.1 extends to *any* motion over which a district court cannot exercise jurisdiction because of a pending appeal. As the committee explained, "[t]his clear procedure is helpful

whenever relief is sought from an order that the court cannot reconsider because the order is the subject of a pending appeal." Fed. R. Civ. P. 62.1 advisory committee notes (2009). Under this Court's view of its jurisdiction in this case, Optum's motion for a TRO falls squarely within that category.

Smith's resort to cases in which district courts declined to exercise their discretion to issue indicative rulings on *different types* of motions is fruitless. It is unremarkable that some district courts will opt not to grant a motion for an indicative ruling with respect to some requests for relief. But nothing in the *rule* prohibited issuing an indicative ruling in any of the cases Smith relies on.

Finally, Smith errs in contending (at 6) that Rule 62.1 cannot apply to Optum's motion for a TRO because it would "overlap[] with (and indeed pretermit[]) the question on appeal of who decides which forum should undertake to determine which applications for injunctive relief." An indicative ruling from this Court would not *be* a TRO; it would simply indicate how this Court would rule on the pending request for a TRO or would state that that request raises a substantial issue. The court of appeals would then have discretion to remand for the limited purpose of ruling on the motion—or not to do so. The court of appeals may well prefer to know whether this Court would grant a TRO and, if so, what type of relief it would award when it considers Smith's arguments about which body has jurisdiction to award interim relief. And it may prefer to have injunctive relief in place that preserves Optum's important rights while Smith's appeal is pending. If it prefers the opposite, it can decline the invitation to remand. But none of that is relevant to whether Optum is within its rights to request the indicative ruling.

### III. Conclusion

Optum's motion should be granted.

Respectfully submitted,

OPTUM, INC. and
OPTUM SERVICES, INC.,

By their attorneys,

*/s/ Russell Beck*
Russell Beck, BBO No. 561031
Stephen D. Riden, BBO No. 644451
Hannah Joseph, BBO No. 688132
Beck Reed Riden LLP
155 Federal Street, Suite 1302
Boston, Massachusetts  02110
617.500.8660 Telephone
617.500.8665 Facsimile
*rbeck@beckreed.com*
*sriden@beckreed.com*
*hjoseph@beckreed.com*

Dated:  February 8, 2019

**CERTIFICATE OF SERVICE**

I hereby certify that this document has been filed through the CM/ECF system on February 8, 2019, and will be served electronically to the registered participants as identified on the Notice of Electronic Filing through the Court's transmission facilities, and that non-registered participants have been served this day by mail.

*/s/ Russell Beck*