UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| OPTUM, INC. and OPTUM SERVICES, INC., <br>     Plaintiffs, <br><br> v. <br><br> DAVID WILLIAM SMITH, <br>     Defendant. | C.A. No. 19-10101-MLW |

MEMORANDUM AND ORDER

WOLF, D.J.                                               February 11, 2019

After hearings on January 30 and 31, 2019, for the reasons explained in a February 5, 2019 Memorandum and Order (Docket No. 48), the court found that it had the authority before compelling arbitration to decide plaintiffs' Optum, Inc. and Optum Services, Inc.'s ("Optum") motion for a temporary restraining order ("TRO"). If granted, the TRO would prohibit Optum's former employee, defendant David Smith, from working for up to 28 days, see Fed. R. Civ. P. 65(b)(2), at a recently established company known as "ABC," to protect Optum's trade secrets until an arbitrator could be selected and assume responsibility for deciding the parties' dispute.

On January 30, 2019, after hearing argument on the issue, the court stated that it had the authority to decide the motion for a TRO before compelling arbitration. Therefore, it then heard argument on the merits of Optum's request for a TRO.

Following the parties' arguments, the court stated that it was considering hearing testimony because it was uncertain how it would decide the motion based on the conflicting affidavits. See Jan. 30, 2019 Tr. (Docket No. 50) at 90-92 (citing Blackwelder Furniture Co. of Statesville v. Seilig Mfg. Co., 550 F.2d 189, 192 n.6 (4th Cir. 1977) and Semmes Motors, Inc. v. Ford Motor Co., 429 F.2d 1197, 1204 (2d Cir. 1970)). The court also expressed some of the reasons for its uncertainty and noted that if it decided the motion for a TRO without hearing testimony one party would be "disappointed" by the decision. Id. at 92. Counsel for Smith then urged the court to allow Smith to testify. Id. at 95.[1] The court proceeded to hear testimony on January 30 and 31, 2019 from Smith and three other witnesses. It considered the evidence complete and intended to hear argument from counsel concerning the merits of Optum's motion for a TRO.

However, despite the fact that no order had been entered, on January 30, 2019, Smith filed a notice of appeal of the court's statement that it had the authority to decide the motion for a TRO before compelling arbitration. Later that day, Smith filed a motion to stay pending appeal, arguing that the notice of appeal divested

---

[1] Smith's counsel stated "After hearing Your Honor and thinking about the bigger picture, I urge you to put Mr. Smith on the stand now because that's important. This has been a public proceeding thus far, and I want him to be able to take the stand." Jan. 30, 2019 Tr. at 95.

2

this court of jurisdiction. The parties agreed, however, that it would be appropriate for the court to hear additional testimony on January 31, 2019, as the Chief Operating Officer of ABC, John Stoddard, was on his way to Boston to testify then.

On February 1, 2019, Optum filed its opposition to the motion to stay. It argued that a stay was not required and that it would be irreparably harmed during the pendency of Smith's appeal if the court exercised its discretion to grant a stay.

As indicated earlier, on February 5, 2019, the court issued a Memorandum further explaining why it had the authority to decide the motion for a TRO before compelling arbitration. See Docket No. 48. Accordingly, it denied Smith's motion to compel arbitration immediately. Id.

On February 5, 2019, the court issued a second Memorandum and Order concerning Smith's motion to stay pending appeal. See Docket No. 49 (the "Stay Decision"). It recognized that there was, as of that date, an order, Docket No. 48, that Smith then had a right to appeal pursuant to 9 U.S.C. § 16(a). Id. at 3. The court went on to explain why it was uncertain whether it had the authority to deny Smith's motion for a stay. Id. at 3-8. In view of that uncertainty, the court concluded that it "was most appropriate to grant Smith's request for a stay without addressing the merits of the request, and to provide Optum the opportunity to ask the First

3

Circuit to decide de novo whether the stay should be continued or lifted." Id. at 8.

On February 7, 2019, Optum filed in this court a Motion for an Injunction Pending Appeal and/or an Indicative Ruling on the Pending Motion for a Temporary Restraining Order. On February 8, 2019, Smith filed his opposition to that motion. At 6:21 p.m. on February 8, 2019, Optum filed a motion for leave to file a reply to Smith's opposition, attaching its Reply to the motion.[2]

Optum in part requests an "indicative ruling" pursuant to Federal Rule of Civil Procedure 62.1(a) and its counterpart, Federal Rule of Appellate Procedure 12.1(a). Rule 62.1(a)(3) states that:

> If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may . . . state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

The 2009 Advisory Committee Notes to Rule 62.1 state that it applies to "any motion that the district court cannot grant because of a pending appeal." As the term "may" communicates, the court

---

[2] The court notes for the parties' future reference that submissions made after 6:00 p.m. are deemed filed the next day. See Rule 5.4(d) of the Local Rules of the United States District Court for the District of Massachusetts. In any event, Optum's request to file a reply is being allowed.

4

has the discretion, but not the obligation, to provide an indicative ruling when the Rule applies.³

As explained earlier, this court allowed Smith's motion for a stay because it is unclear whether the First Circuit would find that his appeal divested it of jurisdiction to decide Optum's motion for a TRO, and it is most appropriate to permit the First Circuit to decide de novo whether a stay is necessary or appropriate. See Docket No. 49 at 8. As this court essentially assumed, without finding, that it lacked jurisdiction in granting a stay pending appeal, it is appropriate to assume the same concerning Optum's Rule 62.1 motion and to find, therefore, that the Rule now applies. In the hope that it will be helpful to the First Circuit when it considers Optum's forthcoming motion to lift the stay pending appeal, the court is exercising its discretion to provide the following indicative ruling.

---

³ The Advisory Committee Notes indicate that Rule 62.1 codified the practice of most courts when a party made a Federal Rule of Civil Rule 60(b) motion to vacate a judgment that had already been appealed. However, Rule 62.1 is not limited to such situations. More specifically, the Advisory Committee Notes state that "[t]his new rule adopts for any motion that the district court cannot grant because of a pending appeal the practice that most courts follow when a party makes a Rule 60(b) motion to vacate a judgment that is pending on appeal." See 2009 Advisory Committee Notes to Rule 62.1 (emphasis added). The Notes further explain that this "clear procedure is helpful whenever relief is sought from an order that the court cannot reconsider because the order is the subject of a pending appeal." Id. (emphasis added).

5

Optum's original motion for a TRO raises a substantial issue.[4] The court preferred not to make the factual findings necessary to decide Optum's motion for a TRO based on the conflicting affidavits. Therefore, it heard testimony from four witnesses and considered the evidence complete on January 31, 2019, with regard to the relevant facts as of that date. As indicated earlier, the court believed it would be helpful to hear argument on Optum's motion for a TRO before deciding it.

This court has familiarity with the record that the First Circuit would require time to acquire. It also has insights provided by the opportunity to observe the witnesses which it would employ, if it had jurisdiction, in deciding issues of credibility concerning the related issues of whether the stay should be extended or Optum's motion for a TRO should be granted. However,

---

[4] Smith argues that Rule 62.1 only allows an indicative ruling when the "trial court's ruling might cause the appellate court to remand rather than to pursue the appeal." See Docket No. 63 at 5. In effect, Smith argues that because the issue on appeal -- whether an arbitrator must decide if the court has the authority to issue a TRO -- differs from the matter upon which Optum seeks an indicative ruling -- whether a TRO should issue -- Rule 62.1 does not apply. However, Federal Rule of Appellate Procedure 12.1 evidently contemplates the possibility that the matter on appeal may not be the same as that for which an indicative ruling is issued. The Rule provides that after an indicative ruling has been issued, "the court of appeals may remand for further proceedings but <u>retains jurisdiction unless it expressly dismisses the appeal</u>." See Fed. R. App. P. 12.1(b) (emphasis added). Optum's contention is also inconsistent with the Advisory Committee Notes, which state that the Rule applies to "<u>any motion</u> that the district court cannot grant because of a pending appeal." See 2009 Advisory Committee Notes to Rule 62.1 (emphasis added).

6

this court has not yet decided whether it would grant the TRO Optum requests.

If the stay is lifted soon, the court will hear oral argument and strive to decide Optum's motion for a TRO promptly. If much time passes before the case is returned to this court for a decision concerning the TRO, it may be necessary to hear additional testimony. As of January 31, 2019, Smith had only been working for ABC for about two weeks. Circumstances may change materially over time because the longer he works for ABC, the greater the possibility that he will, as Optum alleges, improperly use or disclose what Optum claims is its confidential information.

Optum also argues that, pursuant to Federal Rule of Civil Procedure 62(d), this court now has the authority to enter an injunction prohibiting Smith from working for ABC, and from disclosing or using Optum's confidential information pending appeal. Rule 62(d) applies to appeals of an "interlocutory order or final judgment that grants, continues, modifies, refuses, dissolves, or refuses to dissolve or modify an injunction . . . ." The court has not decided or issued an order concerning Optum's motion for a TRO. Therefore, unless the court otherwise has jurisdiction, Rule 62(d) may not permit it to issue the injunctive relief pending appeal that Optum requests.

In its Reply, Optum cites several cases for the proposition that a denial of a motion to compel arbitration is a form of an

injunction for the purpose of Rule 62(d). This argument is, in effect, a request that the court reconsider its decision that it may not have jurisdiction to decide the merits of Optum's TRO pending appeal, and to allow the First Circuit to decide whether the stay should be lifted to permit this court to decide Optum's motion for a TRO. See Docket No. 49. Optum relies primarily on Desktop Images, Inc. v. Ames, 930 F. Supp. 1450, 1451 (D. Colo. 1996), in which the district court deemed the denial of a motion to compel arbitration to be subject to Rule 62(d) (which was then Rule 62(c)). Desktop was decided before the Tenth Circuit in 2005 decided that an appeal of a denial of a motion to compel arbitration divests the district court of jurisdiction. See McCauley v. Halliburton Energy Servs. Inc., 413 F.3d 1158, 1160-62 (10th Cir. 2005). In any event, Desktop and the other cases Optum cites, do not persuade the court that it should alter the analysis, reasoning, or conclusions in the February 5, 2019 Stay Decision. See Docket No. 49 at 3-8.

Moreover, Rule 62(d) states that a district court "may" issue an injunction pending appeal. As explained earlier, the court has not yet decided whether the injunctive relief Optum requests is justified. Therefore, even if Rule 62(d) is applicable, the court would not exercise its discretion to issue an injunction because it has not had the opportunity to hear oral argument.

Finally, Optum contends that the court has the "inherent authority" to issue an injunction pending appeal. For the reasons explained in the February 5, 2019 Stay Decision (Docket No. 49) at 6-9, this contention is not correct.

In view of the foregoing, it is hereby ORDERED that:

1. Optum's unopposed motion to file a reply (Docket No. 66) is ALLOWED.

2. Optum's Motion for an Injunction Pending Appeal (Docket No. 57) is ALLOWED with regard to the request for an indicative ruling and otherwise DENIED.

/s/ Mark L. Wolf
UNITED STATES DISTRICT JUDGE